# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Edward D. Jones & Co., L.P., *a Missouri limited partnership*, | ) Civil Action No.: 1:19-cv-00018-JMC |
| Plaintiff in Interpleader, | ) |
| v. | ) |
| American National Insurance Company, *a Texas corporation*; Transamerica Premier Life Insurance Company, *an Iowa corporation*; Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; and John Does 1-50, | ) **ORDER** |
| Defendants. | ) |
| American National Insurance Company, *a Texas corporation*, | ) |
| Cross-Claimant, | ) |
| v. | ) |
| Leslie Gorman, *a South Carolina Individual*, | ) |
| Cross-Defendant. | ) |
| Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; | ) |
| Cross-Claimants, | ) |
| v. | ) |
| American National Insurance Company, *a Texas corporation*; John Does 1-50; Transamerica Premier Life Insurance Company, *an Iowa corporation*, | ) |
| Cross-Defendants. | ) |

1

| | |
|---|---|
| Leslie Gorman, *a South Carolina individual*;<br>Teressa Gorman, *a South Carolina individual*;<br>Chris McNally, *a South Carolina individual*;<br><br>　　　　　　　　　Counter-Claimants,<br><br>v.<br><br>Edward D. Jones & Co., L.P., *a Missouri limited partnership*,<br><br>　　　　　　　　　Counter-Defendant,<br><br>American National Insurance Company, *a Texas corporation*;<br><br>　　　　　　　　　Third-Party Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Edward D. Jones & Co, L.P. ("Edward Jones") filed the instant interpleader action pursuant to 28 U.S.C. § 1335 seeking to have the court determine the apportionment of disputed funds among Defendants American National Insurance Company ("American National"), Transamerica Premier Life Insurance Company ("Transamerica"), Leslie Gorman, Teressa Gorman, and Chris McNally (collectively "Defendants"). (ECF No. 1.)

This matter is before the court pursuant to Defendants Leslie Gorman, Teressa Gorman, and Chris McNally's (collectively the "Gorman Defendants") unopposed Motion for Partial Summary Judgment (ECF No. 71) and Edward Jones' unopposed Motion for Interpleader. (ECF No. 74.) For the reasons stated herein, the court grants both the Motion for Partial Summary Judgment and the Motion for Interpleader.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This interpleader action arises out of the sum of $342,762.00 currently in the possession and control of Edward Jones. (ECF No. 1 at 1 ¶ 1.) Edward Jones alleges that, at various times, these funds were deposited by Gorman Defendants into Leslie Gorman's account at Edward Jones

2

and are derived from three separate sources: (1) a life insurance policy issued by American National ("AN Funds"), (2) a life insurance policy issued by Transamerica ("TA Funds"), and (3) a Bank of America cashier's check ("BOA Funds"). (ECF No. 1 at 4 ¶ 12–5 ¶ 19.) While these funds were in Leslie Gorman's account, Edward Jones alleges that it became aware that she pleaded guilty to a charge of conspiracy to violate the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, which included allegations of life insurance fraud. (ECF No. 1 at 5 ¶ 22 (referencing ECF No. 1-1).)

Thereafter, Edward Jones alleges that it contacted American National and Transamerica regarding the authenticity of the checks used to deposit funds into Leslie Gorman's account. (*Id.* at 5 ¶ 23, 6 ¶ 24.) Edward Jones alleges that American National and Transamerica responded by confirming that there was possible fraud associated with the funds and requesting that Edward Jones not disburse the funds. (*Id.* at 5 ¶ 23, 6 ¶ 25.) Based on its consultations with American National and Transamerica regarding the fraud claims, Edward Jones declined to release the AN Funds and TA Funds to Gorman Defendants despite their repeated requests. (*See id.*; *see also* ECF No. 1 at 5 ¶ 21.) Additionally, Edward Jones alleges that it declined to release the BOA Funds because at the time it held a good faith belief that the BOA Funds may have been obtained from unknown defendants through fraud or other criminal activity. (*See* ECF No. 1 at 6 ¶ 26.)

In light of the foregoing dispute regarding the ownership of the funds, Edward Jones filed the instant interpleader action on January 2, 2019. (ECF No. 1.) In their Answers to the Complaint, Transamerica and American National admitted that interpleader is the appropriate mechanism to determine ownership of the funds. (*See* ECF No. 11 at 3 ¶ 21; ECF No. 19 at 5 ¶ 33.) American National further asserted a crossclaim against Leslie Gorman. (ECF No. 19 at 5–13.) In their Amended Answer, Gorman Defendants denied Edward Jones' request for interpleader relief (ECF

No. 21 at 5 ¶ 33) and subsequently asserted cross-claims against American National and Transamerica (*id.* at 11 ¶ 80–13 ¶ 92), as well as a counterclaim against Edward Jones under the Expedited Funds Availability Act, 12 U.S.C. §§ 4001–4010. (ECF No. 21 at 11 ¶¶ 74-79.) Edward Jones thereafter moved to dismiss and compel arbitration of Gorman Defendants' counterclaims, which Motion was granted by the court on December 20, 2019. (*See* ECF Nos. 33, 67.)

On February 3, 2020, Gorman Defendants filed the instant Motion for Partial Summary Judgment seeking the return of the BOA Funds in the amount of $106,759.91. (ECF No. 71.) Leslie Gorman asserts that she is legitimately entitled to the BOA Funds, which are the proceeds of life insurance policies issued on her mother-in-law and that were issued to her in a cashier's check after Bank of America closed her account. (ECF No. 71-1 at 2 ¶¶ 2–10.) On March 19, 2020, Edward Jones filed the instant Motion for Interpleader (ECF No. 74) seeking: (1) permission to interplead in this action, (2) reimbursement of attorney's fees and costs, (3) dismissal as a party from this action, and (4) to enjoin Defendants from instituting any action or proceeding against Edward Jones on the basis of their respective claims to the funds. (ECF No. 1 at 2, 7.)

## II.     LEGAL STANDARD

A.     Statutory Interpleader under § 1335

The interpleader statute provides the court with subject matter jurisdiction where the amount in controversy or stake is at least $500.00 and there are "[t]wo or more adverse claimants, of diverse citizenship." 28 U.S.C. § 1335(a). "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967). "[T]he court looks only to the citizenship

4

of the claimants, and not the citizenship of the stakeholder." 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.04 (3d ed. 2019).  If a party asserts an action under statutory interpleader but fails to demonstrate minimal diversity, a court may dismiss the action because minimal diversity is a jurisdictional requirement.  *See* 28 U.S.C. § 1335(a); Fed. R. Civ. P. 12(b).

B.    Motions for Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).  In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *Anderson*, 477 U.S. at 249.

III.    ANALYSIS

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single

action joining two or more adverse claimants to a single fund." *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). It "is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Id.* "Interpleaders are used when multiple parties claim [a] stake in a single fund, and the party in control of the fund asks the court to retain control of the fund while the court determines which party is entitled to the fund." *Meyer v. Anderson*, No. 2:19-cv-640-DCN, 2019 WL 2106180, at *2 (D.S.C. May 14, 2019) (citation omitted).

A.     Leave to Interplead Funds

Edward Jones claims that statutory interpleader is appropriate because the jurisdictional requirements have been satisfied and because it faces multiple, adverse claims to the funds. (ECF No. 74 at 7–8.)

In order to sustain a statutory action for interpleader, the plaintiff is first required to meet the three requirements for jurisdiction set forth in 28 U.S.C. § 1335. First, the dispute must be filed by "any person, firm or corporation, association or society having in his or its custody or possession money or property of the value of $ 500.00 or more." 28 U.S.C. § 1335(a). Second, there must be "[t]wo or more adverse claimants, of diverse citizenship as defined in section 1332 of this title . . . claiming . . . to be entitled to such money." 28 U.S.C. § 1335(a)(1). Finally, the plaintiff must deposit such money "into the registry of the court." 28 U.S.C. § 1335(a)(2).

In this case, Edward Jones is in possession of $342,762.00, in excess of the $500.00 amount required by § 1335(a). Moreover, the minimal diversity requirement of § 1335 is met because Gorman Defendants are residents of the State of South Carolina, American National is a corporation organized and existing under the laws of the State of Texas, and Transamerica is a

6

corporation organized and existing under the laws of the State of Iowa, respectively. *See* 28 U.S.C. § 1335(a)(1). Finally, Edward Jones explicitly disclaims any interest in the funds and states in its Complaint that it is willing to deposit the funds in their entirety into the registry of the Clerk of Court as necessary to satisfy the jurisdictional requirements of § 1335(a)(2). (*See* ECF No. 1 at 7 ¶¶ 33, 34.)

Upon its review of Gorman Defendants' Motion for Partial Summary Judgment (ECF No. 71), the court observes that a statutory interpleader is appropriate only as to the $236,002.09, representing the TA Funds and AN Funds. Although Edward Jones has carefully sought to independently verify the identity of any potential adverse claimants to the BOA Funds by way of multiple subpoenas, several years have passed since the BOA Funds were issued to Leslie Gorman and no potential adverse claimants have been identified. (*See* ECF No. 71-1 at 2 ¶¶ 3-10.) It further appears from the Affidavit of Leslie Gorman that no insurance company has raised any concerns as to the legitimacy of the insurance proceeds representing the BOA Funds. (*See id.*)

Therefore, the court finds that a statutory interpleader is proper only as to the $236,002.09 representing the TA Funds and AN Funds and hereby directs Edward Jones to deposit those funds with the registry of the Clerk of Court. The court **GRANTS** Gorman Defendants' Motion for Partial Summary Judgment (ECF No. 71) and **DIRECTS** Edward Jones to release the $106,759.91 representing the BOA Funds to Leslie Gorman.

B.     Dismissal and Injunction

Edward Jones also submits that, pursuant to 28 U.S.C. § 2361, it is entitled to dismissal from this case, a discharge from further liability, and a permanent injunction enjoining Defendants from instituting an action against it relating to the funds. (ECF No. 74 at 8.) Section 2361 states as follows:

7

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader claim until further order of the court.
>
> . . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

As set forth above, this action meets the requirements for a statutory interpleader under 28 U.S.C. § 1335. Once a plaintiff has established that interpleader is appropriate, the court has discretion to dismiss the plaintiff from the case and relieve them of further liability. *See UBS Fin. Servs. v. Banco Popular De P.R.*, C/A No.: 6:17-00607-MGL, 2017 WL 3500055, at *5 (D.S.C. Aug. 16, 2017) ("[A] district court has discretion to relieve an interpleader plaintiff from further liability and discharge it from the action." (citations omitted)). Additionally, permanent injunctive relief is appropriate when necessary to avoid potential "vexatious and multiple litigation." *See Lincoln Nat'l Life Ins. Co. v. Parker*, C.A. No. 8:10-2815-HMH, 2011 WL 497415, at *2 (D.S.C. Feb. 7, 2011) (stating an injunction is warranted under 28 U.S.C. § 2361 to protect a interpleader plaintiff from "vexatious and multiple litigation," particularly where "a stakeholder, faced with rival claims to the fund itself, acknowledges or denies his liability to one or the other of the claimants" (citing *Tashire*, 386 U.S. at 534)).

Upon consideration of the foregoing, the court finds Edward Jones is a disinterested stakeholder who acted in good faith in bringing this interpleader action to determine which Defendants are entitled to the funds. Furthermore, once it deposits the funds, Edward Jones will no longer be needed as a party to this action. *See Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F. Supp. 2d 126 (E.D.N.Y. 2006) (finding that "[u]pon payment of the funds with

the Clerk of the Court, the plaintiff shall be released and discharged from any further liability to any party in this action or arising out of the [policy]"). Importantly, American National and Transamerica consent to Edward Jones being dismissed from the case. (*See* ECF No. 74 at 12.)

Because Edward Jones makes no claim to the funds and its further involvement will have no impact on the core dispute between Defendants, the court is persuaded that Edward Jones should be dismissed from the case and discharged from liability in accordance with 28 U.S.C. § 2361. Furthermore, in light of the competing claims to the funds, the court further finds that an injunction is appropriate to protect Edward Jones from duplicative litigation.

C.     Attorney's Fees and Costs

Finally, Edward Jones seeks an order awarding it reimbursement for reasonable attorney's fees and costs for its role in bringing the interpleader action. (ECF No. 74 at 10.) Edward Jones argues an award of attorney's fees is appropriate where, as here, a disinterested stakeholder acts in good faith and as a neutral custodian in assisting the parties resolve competing claims to disputed funds. (*Id.*)

The court has previously awarded reasonable attorney's fees and costs to disinterested stakeholders. *See BellSouth Telecomms., Inc. v. DeKalb Concrete Prods., Inc.*, Civ. A. No. 3:95–533–17, 1995 WL 578191, at *4 (D.S.C. July 28, 1995) (ordering the award of attorney's fees to the stakeholder in an interpleader action payable from the assets); *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) ("Despite the lack of an express reference in the federal interpleader statute to costs or attorney's fees, federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward."). "The policy behind this is that the plaintiff should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation claims." *See State Farm*

9

*Life Ins. Co. v. Murphy*, No. 2:15-cv-04793-DCN, 2017 U.S. Dist. LEXIS 168588, at *13 (D.S.C. Oct. 12, 2017) (citation omitted).

Upon its review, the court finds that Edward Jones claims no interest in the funds and has acted in good faith in assisting the parties in resolving their dispute to the funds. Accordingly, Edward Jones' request for an award of reasonable costs and attorney's fees is granted.

## IV.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Edward Jones' Motion for Interpleader (ECF No. 74) and **DIRECTS** Edward Jones to deposit into the registry of the Clerk of Court the sum of $236,002.09, plus all accrued interest, on or before May 12, 2020. The court further **GRANTS** Gorman Defendants' Motion for Partial Summary Judgment (ECF No. 71) and **DIRECTS** Edward Jones to release $106,759.91 to Leslie Gorman, representing the BOA Funds, on or before May 12, 2020. Edward Jones is further directed to provide an affidavit of its fees and costs to the court on or after May 12, 2020. Upon the court's determination of reasonable attorney's fees and costs to be awarded to Edward Jones, it shall be dismissed from this action with prejudice, and Defendants shall be permanently enjoined from initiating, instituting, or prosecuting any action, in any state or federal court against Edward Jones based on, or in any way related to, the funds. The court **DIRECTS** the Clerk of Court to accept the deposit of $236,002.09, plus all accrued interest, and place the sum received in an interest-bearing instrument in accordance with Local Civil Rule 67.01(B) (D.S.C.).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 28, 2020
Columbia, South Carolina