# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Edward D. Jones & Co., L.P., *a Missouri limited partnership*, | ) Civil Action No.: 1:19-cv-00018-JMC |
| Plaintiff in Interpleader, | ) |
| v. | ) |
| American National Insurance Company, *a Texas corporation*; Transamerica Premier Life Insurance Company, *an Iowa corporation*; Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; and John Does 1-50, | ) **ORDER AND OPINION** |
| Defendants. | ) |
| American National Insurance Company, *a Texas corporation*, | ) |
| Cross-Claimant, | ) |
| v. | ) |
| Leslie Gorman, *a South Carolina Individual*, | ) |
| Cross-Defendant. | ) |
| Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; | ) |
| Cross-Claimants, | ) |
| v. | ) |
| American National Insurance Company, *a Texas corporation*; John Does 1-50; Transamerica Premier Life Insurance Company, *an Iowa corporation*, | ) |
| Cross-Defendants. | ) |

1

| | |
|---|---|
| Leslie Gorman, *a South Carolina individual*; | ) |
| Teressa Gorman, *a South Carolina individual*; | ) |
| Chris McNally, *a South Carolina individual*; | ) |
| Counter-Claimants, | ) |
| v. | ) |
| Edward D. Jones & Co., L.P., *a Missouri limited partnership*, | ) |
| Counter-Defendant, | ) |
| American National Insurance Company, *a Texas corporation*; | ) |
| Third-Party Plaintiff. | ) |

This matter is before the court on an Affidavit of Attorneys' Fees and Costs (ECF No. 83-1) by Plaintiff's Counsel requesting that the court award attorneys' fees and costs from the $236,002.09 previously deposited into the court pursuant to an Order granting in part a motion for interpleader, directing Plaintiff to deposit the interpleaded amount, plus all accrued interest, into the registry of the Clerk of Court, and granting a motion for partial summary judgment. (ECF No. 77.) On May 21, 2020, Defendant Transamerica Premier Life filed a timely Objection to Amount of Attorneys' Fees Requested by Interpleader Plaintiff ("Objection"). (ECF No. 85.) For the reasons set forth below, the court **DENIES** Plaintiff's Counsel's Request for Attorneys' Fees and Costs without prejudice. (ECF No. 83-1.)

I.     PROCEDURAL BACKGROUND

On January 2, 2019, Plaintiff filed a Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335 and 2361 naming American National Insurance Company ("American"), Transamerica Premier Life Insurance Company ("Transamerica"), Leslie Gorman, Teressa Gorman, Chris McNally (the last three collectively, the "Gorman Defendants"), and John Does 1-50, as

2

Defendants. (ECF No. 1 at 6.) Transamerica filed an Answer to the Complaint on March 7, 2019. (ECF No. 11.) Between March 8, 2019, and May 7, 2019, there were several Answers, Crossclaims, and Replies filed by the parties. (ECF Nos. 15–32.) On July 22, 2019, Plaintiff filed a Motion to Dismiss and Compel Arbitration as to the Gorman Defendants' Counterclaims (ECF No. 33), which was granted by the court on December 10, 2019. (ECF No. 67.) On February 3, 2020, the Gorman Defendants filed a Motion for Partial Summary Judgment. (ECF No. 71.) On March 19, 2020, Plaintiff filed a Motion for Interpleader to deposit funds into the registry of the Clerk of Court. (ECF No. 74.) On April 28, 2020, the court issued an Order granting the Motion for Partial Summary Judgment and granting in part the Motion for Interpleader. (ECF No. 77.) On May 21, 2020, Plaintiff's Counsel filed an Affidavit of Attorneys' Fees and Costs, seeking reimbursement of "Thirty-Five Thousand and No/100 ($35,000) from the interpleaded funds." (ECF No. 83 at 3.) On the same day, Transamerica filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 85.) On June 2, 2020, American filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 87.) On June 17, 2020, the Gorman Defendants filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 90.)

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1335 because the Complaint (ECF No. 1) is in the nature of an interpleader. 28 U.S.C. § 1335 provides that:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more . . . .

28 U.S.C. § 1335(a).

### III.  LEGAL STANDARD

It is established that "a district court has the discretionary authority to award attorneys' fees to a plaintiff in an interpleader action." 7 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, §1719 at 476-488 (1st ed. 1972); *see also Tr. of the Dir. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F. 3d 415, 426-428 (9th Cir. 2000); *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2nd Cir. 1989). The burden is on the plaintiff to "establish[] [their] entitlement to an [attorneys' fee] award." *See Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1070 (S.D. Iowa 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 427 (1983)). There is a limited scope to compensable expenses, limiting the attorney fees recoverable to "attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." *Dusseldorp v. Ho*, 4 F. Supp. 3d at 1071 (citing *Tr. of the Dir. Guild*, 234 F. 3d at 426-427).

### IV.  ANALYSIS

A.  <u>The Parties' Arguments</u>

In connection with the Complaint for Interpleader, Plaintiff's Counsel is seeking reimbursement for attorneys' fees and costs in the amount of $35,000.00 from the interpleaded funds. (ECF No. 83-1 at 3.) Plaintiff's Counsel alleges that attorneys' fees and costs, in bringing the interpleader action, actually totals $50,929.89, but he is only seeking a portion of those fees and costs to be reimbursed from the interpleaded funds. *Id.* Plaintiff's Counsel submitted an Affidavit of Attorney's Fees and Costs by Kirby D. Shealy III (ECF No. 83-1) along with invoices from his law firm. Plaintiff's Counsel contends that the collective value of the lawyers' time spent was one hundred and seventy-two (172) hours. (ECF No. 83-1 at 2 ¶ 7.) Plaintiff's

4

Counsel claims that since the action was filed:

> Defendants Leslie Gorman, Teressa Gorman and Chris McNally (collectively, the "Gorman Defendants") filed crossclaims against the other defendants and counterclaims against the Plaintiff (ECF [No.] 21). Plaintiff answered those counterclaims (ECF [No.] 31) and moved to dismiss them and compel arbitration. (ECF [No.] 33). The Court conducted a pretrial conference on September 6, 2019 (ECF [No.] 51) at which Plaintiff's counsel appeared. Plaintiff's Motion to Dismiss and Compel Arbitration was argued on October 22, 2019 (ECF [No.] 64) and granted by Order filed on December 10, 2019 (ECF [No.] 67). . . .

(ECF No. 83-1 at ¶ 6.) Plaintiff's Counsel alleges that the reimbursement of attorneys' fees and costs in the amount of $35,000.00 is justified "considering (i) the nature, extent, and difficulty of the case; (ii) the time necessarily devoted to the case; and (iii) the beneficial results that were obtained." (*Id.* ¶ 9.)

Transamerica and American object to Plaintiff's Counsel's request for $35,000.00 in attorneys' fees and costs because the "request is excessive" and "attributable to a customer dispute between Plaintiff and Defendants Leslie Gorman, Teressa Gorman, and Chris McNally and those fees should be addressed, if at all, between those parties and should not be deducted from the interpleader proceeds." (ECF Nos. 85, 87.) The Gorman Defendants object to Plaintiff's Counsel's request for attorneys' fees and costs for the following reasons: (1) it is alleged that Robert W. Boos, an attorney whose name appears in Plaintiff's Counsel's Affidavit as an attorney who worked on the case, does not appear on any of the pleadings and is allegedly "not licensed to practice law in South Carolina, or before this [c]ourt, and has not been admitted *pro hac vice*" and, (2) the *Barber* factors all point in favor of the requested amount of attorneys' fees and costs to be reduced. (ECF No. 90 at 5-6.)

B.    The Court's Review

When examining a request for attorneys' fees, the United States Court of Appeals for the Fourth Circuit has instructed courts to use the following factors to determine what constitutes

5

a reasonable number of hours and the appropriate hourly rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978).

In conjunction with the *Barber* factors, fee applicants bear the burden of establishing that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In addition to the attorney's own affidavits, the fee applicant must provide satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). While an affidavit by the attorney representing the fee applicant may be useful and informative in determining the reasonable rate, an "affidavit, standing alone, is not sufficient evidence." *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243 –244 (4th Cir.2009) (quoting *Plyler* at 277). Additionally, a district court "abuse[s] its discretion by awarding the hourly rates requested [by the fee applicant] in the absence of 'satisfactory specific evidence of the prevailing market rates.'" *Robinson*, 560 F.3d at 245. "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).

Upon review, the court finds that Plaintiff's Counsel has not met the burden of providing satisfactory, specific evidence demonstrating that the hourly rates sought are appropriate or "in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skills, experience and reputation." *Blum*, 465 U.S. 886, 895 n.11 (1984). As a result, the court is unable to award the attorneys' fees and costs requested in Plaintiff's Counsel's Affidavit. (ECF No. 83-1.)

## V.     CONCLUSION

Based on the above reasoning, the court hereby **DENIES** Plaintiff's Counsel's Request for Attorneys' Fees and Costs without prejudice. (ECF No. 83-1.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 16, 2020
Columbia, South Carolina