# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Edward D. Jones & Co., L.P., *a Missouri limited partnership*, | Civil Action No.: 1:19-cv-00018-JMC |
| Plaintiff in Interpleader, | |
| v. | |
| American National Insurance Company, *a Texas corporation*; Transamerica Premier Life Insurance Company, *an Iowa corporation*; Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; and John Does 1-50, | **ORDER AND OPINION** |
| Defendants. | |
| American National Insurance Company, *a Texas corporation*, | |
| Cross-Claimant, | |
| v. | |
| Leslie Gorman, *a South Carolina Individual*, | |
| Cross-Defendant. | |
| Leslie Gorman, *a South Carolina individual*; Teressa Gorman, *a South Carolina individual*; Chris McNally, *a South Carolina individual*; | |
| Cross-Claimants, | |
| v. | |
| American National Insurance Company, *a Texas corporation*; John Does 1-50; Transamerica Premier Life Insurance Company, *an Iowa corporation*, | |
| Cross-Defendants. | |

1

| | |
|---|---|
| Leslie Gorman, *a South Carolina individual*;<br>Teressa Gorman, *a South Carolina individual*;<br>Chris McNally, *a South Carolina individual*;<br><br>                Counter-Claimants,<br><br>v.<br><br>Edward D. Jones & Co., L.P., *a Missouri limited partnership*,<br><br>                Counter-Defendant,<br><br>American National Insurance Company, *a Texas corporation*;<br><br>                Third-Party Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on an Affidavit of Attorneys' Fees and Costs (*see* ECF Nos. 83-1, 94) by Plaintiff's Counsel requesting that the court award attorneys' fees and costs from the $236,002.09 previously deposited into the court pursuant to an Order granting in part a motion for interpleader, directing Plaintiff to deposit the interpleaded amount, plus all accrued interest, into the registry of the Clerk of Court, and granting a motion for partial summary judgment. (ECF No. 77.) Defendant Transamerica Premier Life ("Transamerica"); Defendant American National Insurance Company ("American"); and Defendants Leslie Gorman, Teressa Gorman, and Chris McNally (collectively, "Gorman Defendants") filed timely Objections to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff ("Objection"). (ECF Nos. 85, 87, 90.) For the reasons set forth below, the court **GRANTS** Plaintiff's Counsel's Request for Attorneys' Fees and Costs in the amount of twenty-two thousand, seven hundred and fifty-nine dollars, and seventy-five cents ($22,759.75). (ECF Nos. 83-1, 94.)

## I.    BACKGROUND

On January 2, 2019, Plaintiff filed a Complaint for Interpleader pursuant to 28 U.S.C.

§§ 1335 and 2361 naming American, Transamerica, the Gorman Defendants, and John Does 1-50 as Defendants. (ECF No. 1 at 6.) Transamerica filed an Answer to the Complaint on March 7, 2019. (ECF No. 11.) Between March 8, 2019, and May 7, 2019, there were several Answers, Crossclaims, and Replies filed by the parties. (ECF Nos. 15–32.) On July 22, 2019, Plaintiff filed a Motion to Dismiss and Compel Arbitration as to the Gorman Defendants' Counterclaims (ECF No. 33), which was granted by the court on December 10, 2019. (ECF No. 67.) On February 3, 2020, the Gorman Defendants filed a Motion for Partial Summary Judgment. (ECF No. 71.) On March 19, 2020, Plaintiff filed a Motion for Interpleader to deposit funds into the registry of the Clerk of Court. (ECF No. 74.) On April 28, 2020, the court issued an Order granting the Motion for Partial Summary Judgment and granting in part the Motion for Interpleader. (ECF No. 77.)

In May 2020, Plaintiff's Counsel filed an Affidavit of Attorneys' Fees and Costs, seeking reimbursement of "Thirty-Five Thousand and No/100 ($35,000) from the interpleaded funds." (ECF No. 83 at 3.) On the same day, Transamerica filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 85.) On June 2, 2020, American filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 87.) On June 17, 2020, the Gorman Defendants filed an Objection to the Amount of Attorneys' Fees Requested by Interpleader Plaintiff. (ECF No. 90.)

Ultimately, the court denied Plaintiff's Counsel's request for attorney's fees and costs without prejudice because the request lacked specific evidence to demonstrate the hourly rates sought were appropriate and reasonable. (*See* ECF No. 92.) Thereafter, Plaintiff's Counsel again filed a request for attorney's fees and included affidavits from two local attorneys who claim the requested rates "are within the range of rates charged by lawyers and paralegals in Columbia,

3

South Carolina[,] with similar experience, skills[,] and reputation for the type of work this matter involves." (ECF Nos. 94, 94-1, 94-2.)

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1335 because the Complaint (ECF No. 1) is in the nature of an interpleader. 28 U.S.C. § 1335 provides that:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more[.]

28 U.S.C. § 1335(a).

## III.     LEGAL STANDARD

"A district court has the discretionary authority to award attorneys' fees to a plaintiff in an interpleader action." 7 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, §1719 at 476-488 (1st ed. 1972); *see also Tr. of the Dir. Guild of Am.- Producer Pension Benefits Plans v. Tise*, 234 F. 3d 415, 426-28 (9th Cir. 2000); *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2nd Cir. 1989). The burden is on the plaintiff to "establish[] [their] entitlement to an [attorney's fee] award." *Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1070 (S.D. Iowa 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 427 (1983)). There is a limited scope to compensable expenses, confining the attorney fees recoverable to "attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." *Dusseldorp*, 4 F. Supp. 3d at 1071 (citing *Tr. of the Dir. Guild*, 234 F. 3d at 426-27).

The rationale for allowing an award in an interpleader action is that, "'[b]ecause the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in

4

a single court,' granting attorneys' fees to the stakeholder is often justified." *Manufacturers & Traders Tr. Co. v. Del Conca USA, Inc.*, No. GJH-16-3346, 2017 WL 3175567, at *4 (D. Md. July 25, 2017) (citing *Stonebridge Life Ins. Co. v. Kissinger,* 89 F. Supp. 3d 622, 627 (D.N.J. 2015)). Such an award is only proper "when the interpleader plaintiff acts as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Id.* (citations and internal marks omitted). Moreover, a stakeholder's award from interpleader should be "modest" and "of a relatively small amount simply to compensate for initiating the proceedings." (*Id.* (citing *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (5th Cir. 1962)). An interpleader action "does not usually involve any great amount of skill, labor or responsibility[,]" and thus a stakeholder's award "should be properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." *Id.* (citations and internal marks omitted).

## IV.     ANALYSIS

A.     <u>The Parties' Arguments</u>

Plaintiff's Counsel seeks a $35,000.00 award of attorney's fees and costs from the interpleaded funds. (ECF No. 83-1 at 3.) Plaintiff's Counsel alleges he reduced this request from his actual fees and costs of $50,929.89. *Id.* Plaintiff's Counsel contends that the collective value of the lawyers' time spent on this matter was one hundred and seventy-two (172) hours. (*Id*. at 2 ¶ 7.) Plaintiff's Counsel claims that since the action was filed:

> Defendants Leslie Gorman, Teressa Gorman and Chris McNally (collectively, the "Gorman Defendants") filed crossclaims against the other defendants and counterclaims against the Plaintiff (ECF [No.] 21). Plaintiff answered those counterclaims (ECF [No.] 31) and moved to dismiss them and compel arbitration. (ECF [No.] 33). The Court conducted a pretrial conference on September 6, 2019 (ECF [No.] 51) at which Plaintiff's counsel appeared. Plaintiff's Motion to Dismiss and Compel Arbitration was argued on October 22, 2019 (ECF [No.] 64) and granted by Order filed on December 10, 2019 (ECF [No.] 67)[.]

5

(ECF No. 83-1 at ¶ 6.) Plaintiff's Counsel alleges that the award of attorney's fees and costs in the amount of $35,000.00 is justified "considering (i) the nature, extent, and difficulty of the case; (ii) the time necessarily devoted to the case; and (iii) the beneficial results that were obtained." (*Id.* ¶ 9.) In his subsequent filing, Plaintiff's Counsel points out that, after Plaintiff's initial opposition and due diligence, it ultimately "did not oppose the Gorman Defendants' Motion for Partial Summary Judgment . . . and subsequently released [$106,759.91] to the Gorman Defendants[.]" (ECF No. 84 at 4.) Plaintiff's Counsel also notes the requested fees as a percent of the interpleaded funds is within the range of such awards in similar cases, albeit at the higher end due to difficulties created by the Gorman Defendants. (*Id.*)

Transamerica and American object to Plaintiff's Counsel's request for $35,000.00 in attorneys' fees and costs because the "request is excessive" and "attributable to a customer dispute between Plaintiff and Defendants Leslie Gorman, Teressa Gorman, and Chris McNally and those fees should be addressed, if at all, between those parties and should not be deducted from the interpleader proceeds." (ECF Nos. 85, 87.) The Gorman Defendants dispute Plaintiff's Counsel's request for attorneys' fees and costs for the following reasons: (1) it is alleged that Robert W. Boos, an attorney whose name appears in Plaintiff's Counsel's Affidavit as an attorney who worked on the case, does not appear on any of the pleadings and is allegedly "not licensed to practice law in South Carolina, or before this [c]ourt, and has not been admitted *pro hac vice*" and, (2) the *Barber* factors all point in favor of the requested amount of attorneys' fees and costs to be reduced. (ECF No. 90 at 5-6.) The Gorman Defendants thus seek to limit the recovery of fees from efforts related to "drafting . . . the Complaint for the $236,002.09, service thereof, and remittance of those funds to the [C]ourt," while excluding the attempt to interplead an additional $106,759.91. (*Id.* at 2-3.)

6

B.  The Court's Review

When examining a request for attorneys' fees, the United States Court of Appeals for the Fourth Circuit has instructed courts to use the following factors to determine what constitutes a reasonable number of hours and the appropriate hourly rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978).

In conjunction with the *Barber* factors, fee applicants bear the burden of establishing that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In addition to the attorney's own affidavits, the fee applicant must provide satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). "Examples of the type of specific evidence that . . . is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Gravelle v. Kaba Ilco Corp.*, No. 5:13-CV-642-FL, 2019 WL 7584527, at *2 (E.D.N.C. Aug. 8, 2019), *motion for relief from judgment denied*, No. 5:13-CV-642-FL, 2019 WL 6851605 (E.D.N.C. Dec. 16, 2019) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). A district court "abuse[s] its discretion by awarding the hourly rates requested [by the fee applicant] in the absence of 'satisfactory specific evidence of the prevailing market rates.'" *Robinson*, 560 F.3d at 245. "The

relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).

At the outset, the court addresses the scope of work for which Plaintiff may recover costs and fees in this interpleader action. As observed by Plaintiff, "courts in other jurisdictions have held that the litigation of counterclaims should have no bearing on the size of an attorneys fee award, [and] the Fourth Circuit has not, to date, offered any guidance on this issue, instead leaving the matter to the district courts' discretion." (ECF No. 94 at 5.) Despite this assertion, Plaintiff posits that if "counterclaims pertain to a party's purported ownership of and entitlement to the interpleaded funds . . . there is no logical reason to exclude fees associated with the defense of such claims." (*Id.*)

The court finds Plaintiff's argument is unpersuasive. Instead, in this case an award under 28 U.S.C. § 1335 should stem from "attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit," rather than counterclaims, motions, and other issues purportedly sprouting from the interpleader action. *Dusseldorp*, 4 F. Supp. 3d at 1071 (citation omitted); *see Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 15-02953, 2017 WL 319521, at *3 (D. Md. Jan. 23, 2017) (reducing an award for attorney's fees in an interpleader action for work "spent on matters outside the interpleader action itself"); *see also Citibank, N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 16-01697, 2017 WL 2132033, at *6 (D. Md. May 17, 2017) ("The stakeholder is not entitled to reimbursement for work performed *after* it filed its petition for interpleader, deposited the contested funds with the Court, and prepared the order of discharge from the case.").

8

The court thus analyzes the efforts of Plaintiff's Counsel in "prepar[ing] . . . the petition for interpleader, deposit[ing] . . . the contested funds with the court, and prepar[ing] . . . the order discharging the stakeholder" utilizing the *Barber* factors. *Manufacturers & Traders*, 2017 WL 3175567, at *4 (citation omitted). The court finds Plaintiff's Counsel completed 75.7 hours of work that falls within the above categories (out of the 172 hours originally claimed by Plaintiff). The questions raised in this matter are not notably novel or difficult, and as such, the skill required to properly perform the required legal services is not particularly specialized. *See Manufacturers & Traders*, 2017 WL 3175567, at *4. This finding is further supported by the documents filed in this action, including the brief eight-page Complaint (ECF No. 1) and the relatively straightforward Consent Motion to Deposit Interpleader Funds (ECF No. 74).

While Plaintiff's Counsel asserts he expended a little over $50,000 in costs and fees associated with this case yet seeks a reduced award of only $35,000, these figures encompass work completed outside of the interpleader action as discussed above. It appears Plaintiff's Counsel's rates of $335 per hour for partners, $295 to $305 for associates, and $180 to $190 for paralegals fall within the customary fee for like work. (*See* ECF Nos. 83-1, 94-1, 94-1.) Plaintiff's Counsel does not opine on his opportunity costs, his expectations at the outset of litigation, the time limitations imposed by the client or circumstances, the undesirability of the case, or the nature and length of his professional relationship with Plaintiff. Lastly, regarding attorney's fee awards in similar interpleader actions, Defendants focus on the actual amount of the award, pointing to five recent interpleader awards within the District of South Carolina that fell between $2,000 and $6,149. (*See* ECF No. 85 at 3 (compiling cases).) Alternatively, Plaintiff's Counsel focuses on awards as a percentage of the overall interpleaded funds, outlining a range from 7.7% to 19.3%, and observing his requested award "is on the upper end of that range" due to the actions of the

Gorman Defendants. (ECF No. 94 at 5.) Regardless, the court notes the highest award from Plaintiff's Counsel's cited cases was $16,228, well below the $35,000 he seeks. (*Id.*)

After considering the above factors, the court concludes that $21,832.18 in fees and $927.57 in costs, for a total award of $22,759.75, is reasonable. The court reached this amount in fees by multiplying the 75.7 hours identified above by the applicable billable rate depending on the attorney or paralegal completing the work. *See Citibank*, 2017 WL 2132033, at *7. For costs, the court subtracted all discernable charges incurred beyond prepar[ing] . . . the petition for interpleader, deposit[ing] . . . the contested funds with the court, and prepar[ing] . . . the order discharging the stakeholder." *Manufacturers & Traders*, 2017 WL 3175567, at *4 (citation omitted). The award comprises 9.6% of the total amount of interpleaded funds, which falls comfortably within a comparable range of awards in many other interpleader actions. *See Midland Nat'l Life Ins. Co. v. Wilkes*, No. 1:19-CV-772, 2020 WL 429206, at *3 (M.D.N.C. Jan. 28, 2020) (citation omitted).

## V.     CONCLUSION

Based on the above reasoning, the court hereby **GRANTS** Plaintiff's Counsel's Request for Attorneys' Fees and Costs in the amount of twenty-two thousand, seven hundred and fifty-nine dollars, and seventy-five cents ($22,759.75). (ECF Nos. 83-1, 94.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 17, 2020
Columbia, South Carolina